**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES T. HOWARD, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL F. O'LEARY, EDWARD CASSELLO, BARBARA MILLER, KULBIR SOOD, M.D., WEXFORD HEALTH SOURCES, INC, an Ohio Corporation, and THE COUNTY OF WILL, <br><br> Defendants. | No. 07 C 4898 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This case arises out an injury Plaintiff sustained while a pre-trial detainee at the Will County Adult Detention Facility ("WCADF") and his subsequent medical treatment. Plaintiff first filed a complaint *pro se* on September 14, 2007. Subsequently, Plaintiff was appointed counsel and amended his complaint, first on April 28, 2009 and next on June 1, 2009. Plaintiff alleges violations of his rights under the Fourteenth Amendment to the United States Constitution based on 42 U.S.C. § 1983, as well as violations to Illinois Statutes 55 ILCS/5/5-1002 and 745 ILCS 10/9-102.

Two motions for summary judgment have been filed. Defendants Warden O'Leary ("O'Leary"), Officer E. Cassello ("Cassello"), and Will County Illinois filed their motion on August 10, 2009 and Barbra Miller ("Miller") and Kul B. Sood, M.D. ("Sood")(incorrectly named as "Sude" in the complaint) filed their motion on July 31, 2009. On August 13, 2009 I indicated that the sole issue to be decided on Defendants' motions for summary judgment was whether or not Plaintiff exhausted his administrative remedies. Defendants O'Leary, Cassello

and Will County Illinois raised additional arguments to support their motion for summary judgment to which Plaintiff has not responded. Plaintiff expressly reserved the right to respond to those arguments. In accordance with my prior instruction to the parties, I will limit my discussion in this Order to the issue of Plaintiff's exhaustion of administrative remedies. Because substantially similar arguments are put forth by all Defendants, I consider their motions together. For the foregoing reasons, I find that Plaintiff has not exhausted his administrative remedies and grant Defendants' motions for summary judgment.

## I. PRELIMINARY ISSUES

Defendants Miller and Sood filed a motion to strike certain of Plaintiff's Responses to their Local Rule 56.1(a) statement, Plaintiff's Local Rule 56.1(b) statement of additional facts, and Plaintiff's exhibits. In their motion to strike, Miller and Sood ask that statements Nos. 5, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 24, 25, and 26 be deemed admitted. I grant Defendants' motion to deem statement 5, 12, 13, 14, 16, 17, 24, 25, and 26 admitted because I find Plaintiff's responses insufficient and unsupported by the record. I deny Defendants' motion to deem statements 18, 19 and 20 admitted. Although I acknowledge that an inmate's self-serving affidavit may not be sufficient to defeat a motion for summary judgment, I will still consider this statement when rendering my decision. Defendants' statement 21 is deemed admitted as Plaintiff admits this fact in his sworn affidavit at ¶ 26. Defendants' statement 22 is not deemed admitted as it is not a statement of fact, but a legal conclusion which is the subject of this motion.

Defendants Miller and Sood next move to strike Plaintiff's Local Rule 56.1(b) statements of additional fact Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, and 40. I deny Defendants'

motion to strike statements 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, and 40 as they are supported by the record in the form of a sworn affidavit.

Defendants O'Leary, Cassello and Will County move this Court to deem admitted Defendants' statements Nos. 12, 13, 14, 15, 23, 24, 25, 26, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44. Because I agree that the Plaintiff's responses were insufficient and unsupported by the record, I deem statements 13, 14, 15, 23, 24, 25, 26, 32, 35, 36, 37, 38, 39, and 39 admitted. I decline to admit statements 40 and 42 as they are supported by Plaintiff's affidavit. As to statement 41, I deem the fact that Plaintiff never submitted an appeal of grievance admitted, as Plaintiff admits this in his response. I do not consider as admitted the fact that Plaintiff never submitted a grievance as Plaintiff disputes this fact and offers his sworn affidavit in support. I further decline to deem statements 43 and 44 admitted as they are not a statements of fact, but rather legal conclusions which are the subject of this motion.

Defendants O'Leary, Cassello and Will County next move to strike Plaintiff's Local Rule 56.1(b) statements of additional fact Nos. 1, 2, 3, 4, 5,7, 8, 9, 10, 12, and 13. I deny Plaintiff's request to strike Plaintiff's additional statement of facts Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, and 13 because these statements are supported by a sworn affidavit.

Finally, all Defendants move to strike Plaintiff's journal notes which I grant. Defendants argue that these notes were not submitted in accordance with Federal Rules of Evidence 401-04, 602, 701-02, 801-02, Federal Rule of Civil Procedure 56(e) or Local Rule 56.1. I find that Plaintiff's notes are hearsay as defined by Federal Rule of Evidence 801 and not subject to an exception under Rule 803. I specifically note that the most relevant portion of Plaintiff's notes for the purpose of this motion, the single entry describing events spanning July 20-25, does not

3

qualify as a present sense impression. This single entry spans five days and is a summary of events that happened. It was not a contemporaneous recording of the events that occurred.

## II. STATEMENT OF FACTS

From March 2006 to November 2006 Plaintiff was a pre-trial detainee at the Will County Jail. On June 24, 2006 Plaintiff and two inmates were involved in an altercation whereby Plaintiff was injured. Plaintiff alleges that at least two correctional officers were assigned to the area where the fight occurred yet failed to intervene. As a consequence of the altercation, Plaintiff suffered a fractured ankle which required open-reduction, internal-fixation surgery.

Plaintiff alleges that he complained of his injury immediately but did not receive a medical evaluation until approximately thirty minutes after the fight. He was then told he had an ankle sprain. Plaintiff continued to complain about his ankle and it was finally x-rayed on June 29, 2006, five days after he was injured. Furthermore, despite Plaintiff's complaints, Plaintiff was not referred to an outside doctor until July 12, 2006. After seeing an orthopedist Plaintiff was recommended for surgery the next morning. As part of his surgery a metal plate was internally affixed to Plaintiff's left ankle. Plaintiff alleges that Defendants Sood and Miller refused to administer Plaintiff's pain medication from July 21, 2006 to August 11, 2006, and again from September 2, 2006 to September 26, 2006.

Plaintiff asserts that he informed O'Leary on two separate occasions that his medical needs were being ignored but that O'Leary did nothing to remedy Plaintiff's situation.[1]

---

[1] Plaintiff states that he sent O'Leary a letter in which he restated the allegations he set forth in his grievance, and that he also told O'Leary about his conditions orally.

Furthermore, Plaintiff states that he was assigned to cells in the Medical Pod that were overcrowded.

It is undisputed that the WCADF has a policy and procedure for inmates to file grievances and complaints. This procedure is set forth in the WCADF inmate handbook that is distributed to inmates when they are brought into the WCADF. Plaintiff admits that he received the Inmate Handbook.[2] The grievance procedure set forth in the handbook requires inmates to file a written complaint using an Inmate Request Form 22 within 48 hours. "If 48 hours pass, you [the inmate] can still make a grievance, if you can give a good reason why you waited so long." The procedure indicates that it is at the inmates' discretion to decide whether to place the grievance in the "out" box or whether to give the paper directly to the Pod Officer. In compliance with the handbook procedures, all grievances should be logged, given a number and passed to the appropriate person for resolution and investigation. Inmates are provided with a written answer to any written grievance that is filed within 15 days unless special circumstances require additional time. In such a case, response time may be extended up to 30 days. If an inmate disagrees with the answer to his grievance he can appeal the decision.

Plaintiff alleges that he filed a Form 22 grievance with the Will County Jail at some point between July 20-25, 2006. Plaintiff states that he submitted his grievance by placing it in an unsecured filing tray on a table in the Medical Pod. In this grievance, Plaintiff allegedly complained of Defendants' deliberate indifference to his health, safety, and medical needs. He was never informed that his grievance was untimely or that he did not comply with the grievance

---

[2] The WCADF inmate handbook was revised on August 2003 and then again updated on June 25, 2006. The grievance procedure does not significantly differ from August 2003 to June 25, 2006 and the changes made are not material to this motion.

requirements. He also never received an answer to his grievance. In support of the assertion that he did file a grievance, Plaintiff submits an affidavit and a copy of his own personal notes.[3] Plaintiff admits that he was never given a copy of his grievance. Furthermore, he does not possess the pink copy of the Form 22 that inmates are instructed by the form to keep. Plaintiff asserts in his affidavit that on July 28, 2006 he wrote a letter to O'Leary reasserting the grievances contained in his Form 22. Plaintiff states that he never received a letter or formal response from O'Leary, but that he spoke to him on a subsequent date at which time O'Leary assured him that his letter and grievances would be addressed. Finally, Plaintiff states that in September 2006 he was called to a hearing in regard to the June 24 altercation, but was told by a hearing officer that his grievance was not going to be discussed on that date.

All Defendants deny that Plaintiff ever filed a Form 22 grievance and support their contentions with affidavits in which they deny ever receiving a grievance from Plaintiff. Nor is there any record of the grievance in WCADF files despite the established procedure of keeping such records and the clear incentive of any correctional institution to maintain such records.

## III. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica,*

---

[3] As noted *supra* I consider Plaintiff's notes hearsay and do not consider them for purposes of this motion.

*Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has set forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

## IV. DISCUSSION

The Seventh Circuit determined that the issue of the exhaustion of administrative remedies in a § 1983 case is a threshold issue that must be resolved by the judge. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). In *Conley*, the Seventh Circuit held that when the exhaustion of administrative remedies is contested, the issue of exhaustion must be resolved prior to proceeding to the merits of the claim. *Id*. at 741-42. In this instance, I must determine whether the Plaintiff has properly exhausted his administrative remedies before proceeding on the merits of the case.

As mandated by the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 41 U.S.C. § 1997e(a). Exhaustion of administrative remedies is

7

mandatory, and so long as some remedy is available, neither a prisoner's perception that exhaustion would be futile nor the absence of a particular remedy will excuse a prisoner's failure to exhaust. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001).

The Seventh Circuit has taken a strict compliance approach to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Only through the completion of a prison or jail's administrative procedures can an inmate or pre-trial detainee exhaust his administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002); *Santiago v. Snyder*, 211 Fed.Appx. 478, 480 (7th Cir. 2006). The exhaustion of administrative remedies also includes administrative time limits. *Pozo*, 286 F.3d at 1025. If a prisoner fails to properly utilize the prison's grievance process, including belated filings, the prison administration authority can refuse to hear the case, and the prisoner's claim can be considered unexhausted. *Pozo*, 286 F.3d at 1025.

Defendants argue that Plaintiff has not exhausted all administrative remedies as mandated by the PLRA. In support of this, Defendants argue that Plaintiff did not file a Form 22 grievance. Even assuming *arguendo* that Plaintiff did file a grievance, Defendants argue that the administrative procedure has not been exhausted for two reasons: (1) because the grievance would have been untimely; and (2) because Plaintiff did not file an appeal. Defendants submit affidavits from Miller, O'Leary, and Mary Fran Nieman (Supervisor of Inmate Records at the Will County Adult Detention Facility) attesting to the fact that Plaintiff never submitted a Form 22 grievance, nor a Form 22 grievance appeal, and that there is no record of such grievances being submitted in Plaintiff's file.

Plaintiff rejects Defendants' arguments stating that he did file a Form 22 grievance. Moreover, Plaintiff states that he was never informed that his grievance was untimely or otherwise deficient, and explains that he did not file an appeal for the sole reason that because he was never given an answer to his grievance, there was nothing to appeal. Plaintiff argues that when prison officials fail to respond to inmate grievances, those remedies then become 'unavailable' and are considered exhausted. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

As an initial matter, I do not consider the letter Plaintiff allegedly wrote to O'Leary, the conversations with O'Leary, or comments made at Plaintiff's hearing in rendering this decision. The grievance procedure set forth by the WCADF requires inmates to file official grievances and complaints using Form 22. Therefore, it is only complete compliance with this procedure that will render Plaintiff's administrative remedies exhausted.

Plaintiff argues that his sworn affidavit is sufficient to show that he did in fact file a Form 22 grievance in compliance with WCADF requirements. This affidavit, however, is unsupported by any additional documentation such as a copy of the grievance. Plaintiff states that he was never given a copy of his grievance, nor was it ever returned to him as insufficient, inadequate or untimely. Defendants highlight, however, that inmate Request Form 22 states that inmates are to "SUBMIT THE WHITE AND YELLOW COPY OF THE REQUEST FORM, KEEP THE PINK COPY." Plaintiff does not explain why he did not retain a pink copy from the request from for himself. As the Seventh Circuit has noted, "self-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Albiero v. City of Kankakee*, 246 F.3d

927, 933 (7th Cir. 2001) (quoting *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993).

Plaintiff argues that his administrative remedies should be deemed exhausted because the officials at the Will County Jail never responded to his grievance. *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.") Yet, there is nothing to suggest that Plaintiff's grievance was ever properly filed. No evidence has been presented to support the fact that Plaintiff's grievance was ever received, recorded, investigated, or filed, let alone intentionally mishandled. In *Dole*, the plaintiff not only retained a copy of his grievance but also wrote to the Administrative Review Board to inquire as to the status of his grievance when he did not receive a timely reply. *Id*. at 807. Plaintiff did neither of these things. Although I recognize that inmates do not have control over their complaint once it has been properly filed, in this case, Plaintiff offers nothing more than his own affidavit to show that his grievance was ever filed at all.

Prisoners are instructed to retain the pink complaint slip for situations such as this one. Considering the evidence presented, I do not find that Plaintiff exhausted his administrative remedies. Although Plaintiff submits an affidavit attesting to the fact that he submitted a Form 22 grievance, he has no pink receipt to show that this was ever filed, nor does he offer any explanation as to why his pink slip is missing. Furthermore, even accepting that Plaintiff did file such a grievance, which I do not, Plaintiff offers no explanation for the delay in submitting his grievance. Although Plaintiff is correct that a grievance may be filed after the first 48 hours following an incident have expired, a complaint will only be considered if the delay was for "good reason." Plaintiff does not even attempt to offer an explanation for his delay.

## V. CONCLUSION

For the foregoing reasons I grant Defendants' motions for summary judgment and find that Plaintiff has not exhausted his administrative remedies.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: December 22, 2009